August 19, 1991

**IN THE SUPREME COURT OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN | ) | APPEAL NOS. 90-050, |
| | ) | 90-051, 90-052, 90-053, |
| MARIANA ISLANDS, | ) | 90-054 and 90-055 |
| | ) | |
|     Plaintiff/Appellee, | ) | CIVIL ACTION NOS. 84-346, |
| | ) | 84-347, 84-349, 84-350, |
|         vs. | ) | 84-351, 84-354 and 84-355 |
| | ) | |
| LEONORA F. BORDALLO, et al., | ) | AMENDED OPINION[1] |
| | ) | |
|     Defendants/Appellants. | ) | |
| | ) | |

Argued and Submitted June 27, 1991

Counsel for Appellants:        Robert L. Keogh
                                     Keogh & Butler
                                     P.O. Box GZ
                                     Agana, GU  96910

Counsel for Appellee:        James B. Parsons
                                       Assistant Attorney General
                                       Office of the Attorney General
                                       Saipan, MP  96950

BEFORE:   VILLAGOMEZ, Justice, BORJA, Justice, and HILLBLOM,

Special Judge.

---

[1]  In our original opinion of this second appeal we stated that Bordallo did not answer the complaint and did not move for continuance. Therefore, we ordered additional briefs on certain issues. Briefs have been filed accordingly and Bordallo has shown that she and the others did file answers.

After issuing our mandate, we recalled it in order to issue an amended opinion based on the subsequent briefs.

VILLAGOMEZ, Justice:

## PROCEDURAL BACKGROUND

This is the second appeal of several eminent domain actions involving land on Tinian. The landowners appeal a Superior Court decision denying their motion for continuance. They sought a continuance to present an expert witness (an appraiser) on the issue of valuation.

In the previous appeal, Commonwealth v. Bordallo, No. 90-003 (N.M.I. June 8, 1990), we ruled that the trial court abused its discretion in denying the landowners' motion for continuance, which caused them to go to trial without their expert witness. Reversing, we remanded "with instructions to allow the defendants to present their expert witness at trial, with the opportunity to fully explain the content of his appraisal report and the manner in which he reached his opinion on fair value." Bordallo, slip op. at 11. Up to that point the landowners had an expert witness by the name of Woodrow W. Gaspard, a real estate appraiser from Guam, who had appraised some of the properties involved.

The Superior Court interpreted our opinion and remand to mean that the landowners could present only Mr. Gaspard as their expert witness and that if he could not testify, judgment should be entered based on the evidence adduced at the first trial, which was held in 1985.

After our remand, the landowners contacted Mr. Gaspard and

228

discovered that he could no longer testify. The record shows that Mr. Gaspard is of advanced age, has had medical problems, is no longer in business, and has moved from Guam to Arizona.

The landowners thereupon moved for a continuance of the trial in order to hire a new appraiser and have the value of their land appraised as of the time of taking. The trial court denied the motion and required the landowners to either produce Mr. Gaspard as their expert witness or have judgment entered pursuant to the evidence adduced at the 1985 trial. Since Mr. Gaspard could not testify, the trial court entered judgments regarding the fair value of the properties similar to those entered in October, 1985.

The landowners timely appealed.

## ISSUE AND STANDARD OF REVIEW

The issue before us is whether the trial court abused its discretion in denying the landowners' motion for continuance in order to hire a new appraiser and have an expert witness testify as to the value of their land. The standard of review is whether the trial court abused its discretion. Bordallo, supra.

## DISCUSSION

When we issued our opinion on June 8, 1990, we were aware that Mr. Gaspard was the landowners' appraiser and expected that he would be the one who would testify. However, the purpose of the remand was to allow the landowners the opportunity to present

expert testimony regarding the value of their land. After it became definite that Mr. Gaspard could not testify upon remand, the trial court then had the inherent power and discretion to allow the landowners to hire a new appraiser for their expert witness at trial.

The trial court correctly concluded that our opinion contemplated only Mr. Gaspard's testimony. However, the opinion did not restrict the trial court from allowing another expert witness to testify in the event that, for good reasons, Mr. Gaspard could not testify.

In determining whether discretion is abused, we analyze the same factors we took into account in the previous opinion. That is: (1) the landowners' diligence in their efforts to ready their case prior to trial; (2) how likely it is that the need for a continuance could have been met if a continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the landowners might have suffered harm as a result of the denial. No one factor is dispositive but the court evaluates and weighs each in order to determine whether the denial of a continuance is unreasonable.

The record shows that for good reasons the landowners' expert witness is unavailable to testify. Obviously, the landowners cannot produce an expert witness unless a continuance is granted allowing them time to employ a new appraiser and to allow him or

230

her to conduct appraisals. A continuance would not necessarily inconvenience the court, but might inconvenience the opposing party since they might have to respond to the landowners' new expert.

We conclude that the landowners are harmed by the denial of their motion for continuance in that they were denied the opportunity to present an expert witness.

For these reasons, we conclude that the trial court abused its discretion.

Based on the foregoing, we **REVERSE** the trial court's decision to deny the landowners' motion for continuance, and **REMAND** with instructions to permit the landowners to hire a new appraiser and have their land appraised as of the time of taking within forty-five (45) days of the date of this amended opinion.

The landowners shall be allowed to present expert testimony within seventy-five (75) days after the date of this opinion.

Pursuant to Com.R.App.P. 38(b) and our rulings in Tenorio v. Superior Court, No. 89-002 (N.M.I. Mar. 19, 1990) and Commonwealth v. Kawai, No. 89-011 (N.M.I. Jan. 17, 1990) counsel for the landowners (not the landowners themselves) and the Office of the Attorney General are each sanctioned $2,000.[2] They are ordered to pay this sum to the Clerk of this Court within 30 days after our

---

[2] We have considered counsel's request to set aside the $2,000.00 sanction and we deny it. A great deal of unnecessary work would have been prevented had the attorneys clearly and fully presented the posture of these cases in the first appeal or the beginning of the second appeal.

231

mandate is issued.[3]  The mandate shall issue 14 days after the date of this amended opinion, unless any motion for rehearing is filed.

Entered this ___19th___ day of August, 1991.

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice

_____
LARRY L. HILLBLOM, Special Judge

---

[3]  We note that both parties have paid the $2,000.00 pursuant to our original opinion.